UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

CIVIL ACTION NO. 7:09-CV-17-KKC

SCOTT MATHEW HILES                                                                                          PETITIONER

VS:                       **MEMORANDUM OPINION AND ORDER**

J.C. ZUERCHER, *Warden*                                                                                RESPONDENT

Scott Mathew Hiles is confined in the United States Penitentiary-Big Sandy ("USP-Big Sandy"), which is located in Inez, Kentucky. Hiles has submitted a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hiles has paid the $5.00 filing fee.

This matter is before the Court for screening. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). As Hiles is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

During screening, the allegations in the petition are taken as true and are liberally construed in favor of the pro se litigant. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Under 28 U.S.C. § 1915(e)(2), if a district court determines that the petition fails to establish adequate grounds for relief, it may dismiss the petition or make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

CLAIMS ASSERTED

Hiles alleges that the Bureau of Prisons ("BOP") has improperly established, and imposed against him, a payment schedule pursuant to the Inmate Financial Responsibility Program

("IFRP"),28 C.F.R. § 545.10-545.11.[1] Petitioner Hiles argues that the application of the IFRP to him violates his right to due process of law guaranteed under the Fifth Amendment of the United States Constitution.

Hiles argues that the IFRP is contrary to the portion of his criminal judgment requiring him to pay restitution, because the judgment orders restitution to be paid in installments after his release from prison.[2] Hiles contends that a BOP Correctional Counselor does not have authority to establish a payment schedule for restitution.

### NAMED RESPONDENT

The named Respondent is J.C. Zuercher, the warden of USP-Big Sandy.

### RELIEF SOUGHT

Petitioner Hiles seeks exemption from the requirements of the IFRP. He argues that his sentencing order "does not comply with the law" [Record No. 3-3, p.6].

### EXHAUSTION EFFORTS

In his § 2241 petition, Hiles sets forth the various allegations concerning his attempt to administratively exhaust his claims [*See* Petition, Record No. 3, p.3]. The following is a

---

[1] The BOP implemented the IFRP in 1987 to encourage federal inmates to meet their "legitimate financial obligations."  28 C.F.R. § 545.10.

[2] On November 10, 2004, Hiles pled guilty to conspiracy to violations of: (1) Title 18 U.S.C. § 2113 (a) (Bank Robbery) and (2) Title 18 U.S.C. § 922(g) (Felon in Possession of a Firearm) in the United States District Court for the Northern District of Illinois. *See United States of America v. Scott M. Hiles*, 3:04-50057-1 (Hon. Phillip G. Reinhard, presiding) ("the Trial Court"). On April 22, 2005, the Trial Court sentenced Hiles to an 84-month term of imprisonment plus a three-year term of supervised release, [Record No. 3-3, pp. 14 and 16]. The Trial Court recommended that Hiles participate in a comprehensive drug program and receive a mental health evaluation [*Id*., p. 15].

The Trial Court also ordered Hiles to make restitution to the Blackhawk State Bank in the amount of $6,400.00 [*Id*., p. 18]. The Trial Court marked the box next to "Payment to Begin Immediately" in the section of the Judgment entitled "Schedule of Payments"[*Id*., p. 19].

summary of Hiles's allegations as to his exhaustion efforts.

On October 19, 2008, Hiles attempted to file a BP-8 "Informal Resolution Attempt." According to Hiles, Correctional Counselor Billy Caudill refused to reply, stating that he (Caudill) was not required to provide the "BP-8" Response to the inmate. Hiles states that on November 13, 2008, he submitted a BP-9 "Request for Administrative Remedy" to Case Manager Brown. One week later, Hiles requested a response from The Unit Team and was told that the response to the BP-9 could not be located. Hiles states that after the time limit for a response to the BP-9 expired, he filed a BP-10 appeal (Remedy # 518873), to the BOP's Mid-Atlantic Regional Office ("MARO").

On December 12, 2008, while the BP-10 appeal was pending with the MARO, Hiles obtained a "cop-out" reply from a prison staff member, whom Hiles identified as Case Manger Brown. While the reply was cryptically written, it appears that the staff member was indicating that the BP-9 could not be located due to "administrative error" [Record No. 3-3, p.3].[3]

On December 16, 2008, Hiles received a response to his BP-10 appeal [*See* MARO Response, *Id*., p. 4]. The MARO rejected Hiles's BP-10 appeal because: (1) he had not demonstrated that he had attempted to attempt informal resolution of his claim; and (2) he had not demonstrated that he had attempted to file a BP-9 with the warden before filing an appeal at the regional level.

On December 22, 2008, Hiles filed a BP-11 appeal to the BOP's Central Office. On January 26, 2009, Hiles received the response to the BP-11 [*See* Central Office response, *Id*.,

---

[3] The staff member stated as follows: "Refile. Cannot (word stricken out) due to Administrative Error. No time constraints will apply."

p.7]. The Central Office rejected the BP-11 appeal because Hiles had filed the appeal at the wrong level. The Central Office specifically noted that Hiles had failed to file a BP-9 appeal at the institutional level (with the Warden) [*Id*].

Hiles contends that he has done everything that he is required to do as far as administrative exhaustion. He argues that his claims are ripe for judicial review.

DISCUSSION
1. Exhaustion Requirement

The administrative remedies available to inmates confined in BOP institutions are set out in the Administrative Remedy Program, found at 28 C.F.R. §§ 542.10-.19. Section 542.13(a) demands that an inmate first informally present his complaint to the staff, thereby providing them with an opportunity to correct the problem, before filing a request for an administrative remedy. If the inmate cannot informally resolve his complaint, then he may file a formal written request (a BP-9 form) to the Warden. *See* § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal (BP-10) to the Regional Director, and, if not satisfied with the Regional Director's response, the inmate may appeal (BP-11) to the Office of General Counsel. *See* § 542.15 (a) - (b).

Federal courts require inmates seeking habeas corpus relief to exhaust their administrative remedies before filing a petition under 28 U.S.C. § 2241. *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981); *Hardwick v. Ault*, 517 F.2d 295, 296 (5th Cir. 1975) ("[T]he federal courts have imposed upon federal prisoners the requirement that they 'exhaust their administrative remedies in accordance with Bureau of Prisons policy...'").

2. Exhaustion Requirements Applied to Facts

To the extent that Hiles argues that he has administratively exhausted his claims concerning the IFRP, the Court disagrees. Both the MARO and the Central Office accurately concluded that Hiles had prematurely sought review at those levels prior to obtaining a written response from the Warden.

It is clear from the record that on December 12, 2008, a USP-Big Sandy staff member informed Petitioner Hiles that due to an administrative error, he would be required to "refile" his BP-9 "Request for Administrative Remedy." He was specifically informed that he would be under no time constraints in which to do so.

Once Hiles received the December 12, 2008, response from USP-Big Sandy staff, he was on notice that he needed to re-initiate the exhaustion process by filing a new BP-9 "Request for Administrative Remedy" with the USP-Big Sandy Warden. That directive was reinforced by the MARO's subsequent rejection of the BP-10 appeal on December 16, 2008.[4]

Hiles did not file a new BP-9 "Request for Administrative Remedy" with the Warden, as he had been instructed to do by the prison staff member on December 12, 2008. Instead, on December 22, 2008, Hiles opted to pursue a BP-11 appeal with BOP Central Office. By that time, he had already received a rejection notice from the MARO explaining that the claim should have been first presented to the Warden for consideration.

The exhaustion requirement is designed to ensure not only that the agency is given the

---

[4] It is obvious that when the MARO issued its rejection of the BP-10 appeal on December 10, 2008, it was unaware that the USP-Big Sandy staff was in the process of addressing Hiles's inquiry into the fact that he had not received a response to his November 13, 2008, BP-9 "Request for Administrative Remedy."

opportunity to review its conclusions short of litigation, but also that the district court is provided a complete record upon which to review the agency's final action. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980). The Supreme Court has held that in order to satisfy the requirement that administrative remedies be exhausted prior to filing suit, those remedies must be exhausted properly and within the time frames required by the remedy process. *Woodford v. Ngo*, 126 S.Ct. 2378, 2387-88 (2006).

Having been informed that his first BP-9 was lost, Hiles was required to have re-filed a new BP-9 "Request for Administrative Remedy"so that the Warden could have first responded to the IFRP issues. Petitioner Hiles was not excused from compliance with the BP-9 step, simply because his first BP-9 was lost due to administrative error.

While Petitioner Hiles unilaterally interprets his actions as constituting compliance with the exhaustion process, and while he filed various appeals, they were not filed in the proper sequence, within the proper time-frames, as dictated by the regulations. The record reveals that Hiles did not follow the proper steps as established by 28 C.F.R. § 542.10-19. This action was filed prematurely before the administrative remedy process was *properly* completed.

The Court will therefore dismiss the instant § 2241 petition without prejudice to Petitioner Hiles filing another petition after the Warden, the Mid-Atlantic Regional Office and the BOP Central Office have evaluated his claims and issued a written response on the merits.

### 3. Construed First Amendment Claims

Hiles states that the USP-Big Sandy prison staff intentionally interfered with his efforts to administratively exhaust his claims [Record No. 3, p.2]. Broadly construed, that assertion

could qualify as a "denial-of-access-to-courts" claim under the First Amendment of the United States Constitution. Hiles is not permitted to pursue such claim in a § 2241 habeas petition.

Section 2241 may be used by a prisoner to challenge decisions affecting the manner in which his sentence is being carried out, such as the computation of sentence credits or parole eligibility. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Any construed First Amendment claims are not properly asserted in this § 2241 petition, because they do not affect the length or duration of Hiles's federal sentence.

According to *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), if Hiles intends to assert such claims, he must do so by way of a separate civil rights action filed under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

Hiles should be aware of two items if he wishes to file a separate civil action on the First Amendment claim. First, the filing fee for a civil action is $350.00, although if a prisoner qualifies for pauper status, he would be permitted to remit installment payments on the filing fee. Second, before filing a lawsuit in federal court regarding conditions of confinement, federal law requires that a prisoner fully exhaust each and every such claim through the BOP's three-step administrative remedy procedure. *See* Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. 1997e(a ); *Porter v. Nussle*, 534 U.S. 122 S.Ct. 983 (2002); *Lavista v. Beeler*, 195 F.3d 254, 256 (6th Cir. 1999). The petitioner is so advised.

## CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

(1)     Petitioner Scott Mathew Hiles's petition for a writ of habeas corpus [Record No. 2] is **DENIED.**

(2)     This action is **DISMISSED WITHOUT PREJUDICE**, *sua sponte,* from the Court's active docket and

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named respondent.

Dated this 27th day of February, 2009.

Signed By:
*Karen K. Caldwell*   KKC
United States District Judge